IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBORAH GOLD as Next Friend**
**of Savannah Gold, a Minor**                                                                 **PLAINTIFF**

**V.**                                                                            **NO. 3:14CV00181-JMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                                        **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [24] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [23] dated April 10, 2015, this court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks an award of attorney's fees in the amount of $8,527.33 (representing 43.95 hours of attorney work at a rate of $187.62 per hour and 3 hours at a rate of $93.81 per hour for attorney travel time) and costs in the amount of $450.09, plus $171.36 for mileage (to be paid from Social Security appropriations) on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified."

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

The Commissioner disputes neither that Plaintiff is the prevailing party nor the contention that her position was not substantially justified. Instead, the Commissioner's sole objection to the instant fee request is that it is excessive. Specifically, the Commissioner contends Plaintiff's counsel is entitled to payment for no more than forty hours of work (not including costs and expenses), which she submits is within the range of "typical" for Social Security cases.

The court has thoroughly reviewed Plaintiff's counsel's itemization of time for work performed on this case and agrees that a slight reduction is appropriate. In addition to the example cited in the Commissioner's brief, the court has identified other items that require reduction. For example, the 1/23/15 entry by Mr. Silva suggests duplication of the work performed by Mr. Donati on 1/22/15. Additionally, Mr. Donati's preparation for oral argument for four hours on 4/9/15 appears unreasonable, considering that Mr. Silva performed the bulk of the research and briefing of the issues covered at the hearing. For these reasons, and the fact that Plaintiff's counsel has offered no reply to the Commissioner's request for a reduction of counsel's time, the Court is of the opinion that an award based on forty total hours of work plus costs and expenses is reasonable.

**THEREFORE, IT IS ORDERED:**

That the Commissioner shall promptly pay Plaintiff a total of $8,407.68 for the benefit of her counsel.

This 4th day of June, 2015.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE